NELSON *v.* RUNNELS

1. PLEADING—LATE FILING—DISCRETION.
   Trial court has, by court rule, discretion in accepting the late filing of pleadings and motions (GCR 1963, 108.7[2]).

2. MOTIONS—MOTION TO DISMISS—LATE FILING—DISCRETION.
   Granting defendants' motion to dismiss which was not timely filed was not error where the plaintiffs had failed to timely file the proof of service and there was evidence that the parties' attorneys had agreed to extend the time for filing an answer (GCR 1963, 108.1, 108.2, 108.7[2]).

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 February 2, 1971, at Grand Rapids. (Docket No. 9178.) Decided February 24, 1971.

Complaint by Robert Nelson and Sandra Nelson against R. J. Runnels and Flora Runnels for personal injuries sustained in an automobile accident. Defendants moved to dismiss on the ground that the statute of limitations had run. Motion granted. Plaintiffs appeal. Affirmed.

*Raidle & Smith,* for plaintiffs.

*Hillman, Baxter & Hammond* (by *William M. Bremer*), for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 320.
[2] 41 Am Jur, Pleading §§ 323, 333.

Before: Fitzgerald, P. J., and V. J. Brennan and T. M. Burns, JJ.

Per Curiam. The present appeal arose out of an automobile accident which took place on December 10, 1966, and involved the plaintiffs and defendants. Plaintiffs commenced action on December 5, 1969; however, service of process was not placed in the hands of the sheriff until December 17, 1969, and was served the next day. Proof of service was not filed until February 13, 1970. On December 24, 1969, defendants' attorney contacted plaintiffs' counsel in an effort to arrange an extension of time in which to file an answer. The request was granted and shortly thereafter plaintiffs' attorney sent a written confirmation indicating that any extension which defendants' counsel might deem necessary for filing his answer would be agreeable.

On February 9, 1970, defendants filed an answer which contained a general denial along with a motion to dismiss based upon the statute of limitations. Plaintiffs filed their answer and affidavit in opposition thereto, contending that the motion had not been timely filed in compliance with the provisions of GCR 1963, 108.1 and 108.2 which provides:

".1 * * *

"(1) A defendant shall serve and file his answer or take such other action permitted by law within 20 days after personal service of the summons and a copy of the complaint upon him in this state.

* * *

".2 Time for Filing Motions. A motion which raises a defense or an objection to a pleading shall be filed within the time for filing the responsive pleading."

In ruling upon defendants' motion, the trial court stated:

"The answer to the motion to dismiss raises court rule 108.1 and 108.2, which says that special motions must be filed within the 20 days after service of summons and complaint.

"I am of the opinion that the failure to file the summons is fatal here, that the statute of limitations had run and that takes precedence over the filing of this motion * * * this court feels compelled to grant a motion to dismiss for the fact that the statute of limitations had run."

Plaintiffs now appeal, contending that the trial court erred in granting defendants' motion to dismiss which was filed more than 25 days subsequent to the time set forth by court rule. Plaintiffs do not dispute the court's determination that the action is barred by the statute of limitations. Therefore, the issue on appeal concerns only the timeliness of defendants' motion for dismissal. Plaintiffs aver that GCR 1963, 108.1 and 108.2 are mandatory in application and failure to comply is fatal to the cause of action.

We are unable to accept plaintiffs' argument in view of GCR 1963, 108.7(2) which permits court discretion in accepting the late filing of pleadings and motions. In *Guastello* v. *Citizens Mutual Insurance Company* (1968), 11 Mich App 120, 137, this Court set forth its position on the above court rule by stating:

"We have carefully examined GCR 1963, 108.7(2), and conclude that its express grant of dispensing power was not intended to preclude altogether the exercise of such power in areas not expressly dealt within that rule. Rule 108.7(2), expressly authorizes a circuit judge to extend the time for filing any pleading or motion 'or the doing of any act' if the request is made *before* the expiration of the period originally prescribed. The rule also provides that

*after* such period the circuit judge may 'permit a party to *plead*' where the failure to do so was the result of excusable neglect. (Emphasis supplied.)"

The trial court held that failure to file the proof of service provided a reasonable basis for a late filing of defendants' motion to dismiss. Furthermore, there is evidence of the fact that the two attorneys had agreed to extend the time for filing of the answer. Hence, the answer, which conforms to GCR 1963, 116, was late, but nevertheless excusable.

Affirmed. Costs to appellees.